# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:10-cr-007-JMS-CMM-18 |
| TIMOTHY BAILEY ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Modification of Sentence**

Defendant Bailey seeks the modification of his sentence imposed on October 13, 2011, insofar as he seeks the court to designate a specific payment plan for the fine he owes as part of that sentence. The sentence specifies that Bailey is fined $1,000.00, that he owes an assessment totaling $100.00, and that his payment "shall begin immediately." Bailey's concern is that the language used in imposed sentence has improperly delegated authority to set the payment schedule to the Federal Bureau of Prisons (BOP), which has in turn used the "extortion" of its Inmate Financial Responsibility Program ("IFRP"), *see* 28 C.F.R. §§ 545.10, 545.11, to require payments from him which are oppressive.

Where a criminal judgment orders the payment of a fine or restitution, the payment plan imposed by the BOP does not amount to an unconstitutional delegation of judicial authority. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir. 1999). This ruling was followed in *Chaney v. Olsen,* 92 Fed.Appx. 362 (7th Cir. 2004), wherein the Seventh Circuit explained that when a district court in its sentence "orders immediate payment, it is not an impermissible delegation for prison authorities to set the payment schedule . . . . Ordering immediate payment is not an improper delegation, because 'such directives generally are interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately." Additionally, such an order "does not preclude the BOP through the IFRP from ensuring that a defendant

makes good-faith progress toward satisfying his debt." *Id.* **(citing** *McGhee,* **166 F.3d 884).**

As to Bailey's concern that he is the victim of extortion because the BOP has employed the IFRP, "[c]ompelled participation in the IFRP neither punishes inmates nor extorts money from inmates." *Neal v. Watts*, 2008 WL 748321 (D.D.C. Mar. 17, 2008).

Based on the foregoing, therefore, Bailey's motion for modification of sentence [1287] is **denied.**

**IT IS SO ORDERED.**

**Date:** 02/19/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Timothy Bailey
09474-028, Unit Knox B
Federal Correctional Inst.
P.O. Box 4000
Manchester, KY 40962-4000

Bradley A. Blackington
Bradley.blackington@usdoj.gov